United States District Court
for the
Southern District of Florida

| | |
|---|---|
| John Agudelo and Yellow Project Management, Inc., Plaintiffs, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 18-22612-Civ-Scola<br>) |
| Jose M. Padron and Valizas Corporation, Defendants. | )<br>) |

**Order on Defendants' Motions to Dismiss**

Plaintiffs John Agudelo and Yellow Project Management, Inc. bring this suit for breach of fiduciary duty, unjust enrichment, and fraud against Defendant Jose M. Padron in relation to a series of real estate transactions. The Plaintiffs also brought suit against Defendant Valizas Corporation for aiding and abetting breach of fiduciary duty. This matter is before the Court on Defendant Padron's Motion to Dismiss the Plaintiffs' Complaint (ECF No. 15) and Defendant Valizas' Motion to Dismiss the Plaintiffs' Complaint (ECF No. 17). For the reasons discussed below, the Court **grants in part and denies in part** Defendant Padron's Motion to Dismiss (**ECF No. 15)** and **denies** Defendant Valizas's Motion to Dismiss (**ECF No. 17**).

   **1. Background**

In 2012, Plaintiff Agudelo, a Venezuelan citizen, decided to acquire investment property in South Florida. (Compl. at ¶ 10, ECF No. 1.) Agudelo met Padron and learned that he was a real estate broker who could assist him in acquiring property in South Florida. (*Id.* at ¶ 11.) Upon Agudelo's request, Padron agreed to assist the Plaintiff in acquiring investment property in South Florida. (*Id.* at ¶ 12.) Agudelo and Padron developed a friendship over the years. (*Id.*)

During the acquisition process, Padron recommended that Agudelo incorporate a Florida entity that would purchase the investment property. (*Id.* at ¶ 14.) Agudelo agreed and authorized Padron to incorporate Yellow Project Management, LLC[1] ("YPM FL") in July 2012. (*Id.*) Agudelo's company, Plaintiff Yellow Project Management, Inc. ("YPM BVI"), a British Virgin Islands corporation, was the sole manager of YPM FL at the time of its incorporation. (*Id.* at ¶ 20.)

---

[1] YPM FL is not a party to this lawsuit.

Padron assisted Agudelo in identifying and acquiring an investment property. Padron informed Agudelo that he needed to transfer $1,620,000 to the Law Offices of Miller & Ponn, P.A. for the closing and an additional $38,000 for the maintenance and condominium fees of the property for the first year. (*Id.* at ¶¶ 16-18.) On October 23, 2012, YPM FL purchased Agudelo's investment property located in the Jade Beach Condominium, 17001 Collins Avenue, Sunny Isles Beach, FL 33160, Unit 4101, for $1,660,000. (*Id.* at ¶¶ 15-19.)

In 2015, without the Plaintiffs' knowledge, Padron removed YPM BVI as manager of YPM FL and added himself, in his individual capacity, as the sole manager of YPM FL. (*Id.* at ¶ 20.)

In 2017, Agudelo informed Padron that he was thinking about moving to South Florida and living in his investment property. (*Id.* at ¶ 21.) Padron informed Agudelo, for the first time, that he had placed the property on the market for sale. (*Id.* at ¶ 22.)

On December 8, 2017, without the Plaintiff's authorization, Padron transferred the property from YPM FL to himself via quit claim deed. (*Id.* at ¶ 23.) On December 28, 2017, Padron transferred the property to Valizas Corporation for the purchase price of $1,585,000. (*Id.*) Agudelo never received compensation or other consideration for the sale of the property. (*Id.* at ¶ 24.)

Agudelo brought suit against Padron for breach of fiduciary duty, unjust enrichment, and fraud and against Valizas for aiding and abetting breach of fiduciary duty. The Defendants have each moved to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF Nos. 15, 17.)

### 2. Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover*

*v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 3. Defendant Padron's Motion to Dismiss

Padron asks the Court to dismiss Count I for breach of fiduciary duty, Count III for unjust enrichment, and Count IV for fraud. As set out below, the Court grants in part and denies in part the Defendant's motion.

### A. Statute of Frauds

The Defendant first argues that Counts I, III, and IV should be dismissed because they are barred by the statute of frauds. (ECF No. 34 at 6.) Plaintiffs respond that the statute of frauds does not apply because the Complaint is not based on a breach of contract theory nor are Plaintiffs seeking to enforce a contract. (Response at 2, ECF No. 18.) After review, the Court agrees with the Plaintiffs.

"[W]hile the statute of frauds is typically an affirmative defense, it may be raised in a motion to dismiss where its application appears on the face of the complaint." *B&C Investors, Inc. v. Vojak*, 79 So. 3d 42, 46 (Fla. 2d DCA 2011). The statute of frauds provides that when the parties "intended and contemplated that performance of the[ir] agreement would take longer than one year . . . [then] an action to enforce that agreement must depend on a written statement or memorandum, signed by the party to be charged." *Dwitcht v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991) (citation omitted). Here, the Defendant claims that the Complaint "attempts to document a totally oral legal relationship between the parties that spanned more than a half a decade and involved the purchase and management of real estate. The applicability of the statute of frauds could not be more appropriate. . . ." (ECF No. 15 at 4.) The Plaintiffs, however, have not alleged a contractual relationship.

The Court finds the holding in *B&C Investors, Inc. v. Vojak,* 79 So. 3d 42 (Fla. 2d DCA 2011) instructive. In *Vojak,* the plaintiff brought a claim for breach of fiduciary duty and unjust enrichment based on the defendant attorney's failure to convey real property that she had purchased on their behalf. 79 So. 3d at 45. Plaintiff funded the incorporation costs for the corporation that would purchase the property and the defendant purchased the property. *Id.* at 44-45.

Defendant gave herself a first position security interest in the property. *Id.* at 45. When plaintiffs could not secure financing and asked that she relinquish her right, she refused. *Id.* She also failed to obtain financing for plaintiffs. Eventually, the defendant sold the property and kept the profits. *Id.* The defendant argued that the claims were barred by the statute of frauds. The court disagreed. "[T]he claim[] for breach of fiduciary duty . . . [is] not merely [a] repackaged claim[] for breach of oral contract to convey real property. Instead, [it is a] separate claim[] which stand[s] on [its] own based on Vojak's failure to act in BCI's best interests." *Id.* at 47. The court came to the same conclusion for the plaintiff's unjust enrichment claim. *Id.* at 48. "The claim . . . was not based on a contract for the sale of lands but was an equitable claim resulting from Vojak's allegedly improperly profiting at BCI's expense." *Id.*

The same analysis applies here. The Plaintiff's complaint is not asserting a breach of contract claim or an action to enforce a contract. Instead, the breach of fiduciary duty claim is based on a personal and business relationship between Agudelo and Padron and Padron's failure to act in Agudelo's "best interest" in the course of that relationship. *See Vojak*, 79 So. 3d at 47. Similarly, the unjust enrichment claim is not based on the enforcement of a contract or oral agreement. It is based on Padron "improperly profiting at [Agudelo's] expense." *See id.*

It is unclear from the motion to dismiss if the Defendant is also claiming that the fraud count should be dismissed because it violates the statute of frauds. Assuming that the Defendant makes this argument, the Court is similarly unpersuaded. Like the breach of fiduciary duty and unjust enrichment count, the fraud count is not barred by the statute of frauds because it does not attempt to enforce a contract. *See Attanasio v. Excel Dev. Corp.,* 757 So. 2d 1253, 1256 (Fla. 4th DCA 2000) (holding that statute of frauds did no bar fraud claim because plaintiff was seeking relief based on the misrepresentations made by defendant, not to enforce a contract).

In sum, although the claims against Padron may be *related to* oral agreements, they are independent torts arising out of Padron's misconduct. Therefore, they are not barred by the statute of frauds. *See Sader v. Padron*, No. 18-22891, 2018 WL 7287159, at *5 (S.D. Fla. Dec. 19, 2018) (Unjaro, J.) (denying motion to dismiss unjust enrichment and breach of fiduciary duty claims against the same Padron because "[plaintiff's] breach of fiduciary and unjust enrichment claims are *related to* oral agreements, they are not merely repackaged breach of contract claims, but are instead independent torts arising out of Padron's misconduct.") (emphasis in original).

### B. Count I – Breach of Fiduciary Duty

The Defendant also argues that Count I for breach of fiduciary duty should be dismissed because it violates the four-year statute of limitations as the purchase of the investment property occurred in 2012. (ECF No. 15 at 6.) Plaintiffs respond that the cause of action did not accrue until December 2017 when the Defendant sold the investment property without the Plaintiffs' permission and kept the proceeds of the sale. (ECF No. 18 at 3.)

The Defendant also argues that Count I should be dismissed because a real estate agent is not a fiduciary under Fla. Stat. § 475.278(2). (ECF No. 15 at 6-7.) In response, the Plaintiffs argue that Section 475.278 does not apply because Padron was not a real estate agent.

First, regarding the statute of limitations issue, the parties agree that a four-year statute of limitations applies to a claim for breach of fiduciary duty. (*See* ECF No. 15 at ¶ 11 *and* ECF No. 18 at 3.) The issue is whether the limitations period began to run in 2012 when Agudelo purchased the investment property or in 2017 when Padron sold the property without Agudelo's knowledge. "A cause of action accrues when the last element constituting the cause of action accrues. The last element constituting a cause of action for negligence or breach of fiduciary duty is the occurrence of damages." *Kelly v. Lodwick*, 82 So. 3d 855, 857 (Fla. 4th DCA 2011). *See Am. Home Assur. Co. v. Weaver Aggregate Transport, Inc.*, 990 F. Supp. 2d 1254, 1271 (M.D. Fla. 2013) ("Claims for breach of fiduciary duty in Florida are subject to a four-year statute of limitations, which begins to run after the breach and resulting damages have occurred.") Here, the damages occurred in 2017 when Padron sold the investment property and kept the proceeds of the sale. Therefore, the statute of limitations did not begin to run until 2017. The Court finds that Count I is not barred by the statute of limitations.

Next, the Defendant argues that there is no fiduciary relationship between Padron and the Plaintiffs because Section 475.278 of the Florida Statutes states that a "transaction broker provides a limited form of representation to a buyer, a seller, or both in a real estate transaction but does not represent either in a fiduciary capacity or a as a single agent." Section 475.278, however, does not apply to Padron because he was not a licensed broker or a real estate agent in 2012. (ECF No. 15 ¶ 11 n.2) ("The last time Padron was a licensed real estate agent in Florida was in 2006.").

"To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Sade*, 2018 WL 7287159 at *6 (citations omitted). The Court finds that Agudelo has sufficiently pled his

dependency on Padron and Padron's undertaking. Based on the allegations in the complaint, Agudelo "asked Padron to assist him in acquiring investment property in South Florida, and Padron agreed." (ECF No. 1 at ¶ 12.) Agudelo "reposed his trust and confidence" in Padron in "financial matters in connection with the acquisition of the investment property." (*Id.* at ¶ 13.) Padron recommended that Agudelo incorporate a Florida entity to purchase the property and Agudelo took his advice. (*Id.* at ¶ 14.) Padron also coordinated Agudelo's transfer of the funds to a law firm for the closing. (*Id.* at 16.) As explained by Agudelo, Padron's duties "went beyond those of a real estate agent, including the incorporation of a Florida entity and maintenance of the Plaintiffs' investment in South Florida." (ECF No. 18 at 3.) Therefore, the Court finds that, at least at the pleading stage, these allegations, taken in the light most favorable to the Plaintiff, establish a fiduciary relationship between the parties.

The Defendant's motion to dismiss Count I is denied.

### C. Count III – Unjust Enrichment

The Defendant's motion states that "Count III for unjust enrichment suffers from the same deficiencies as Counts I and IV." Defendant, however, fails to articulate a specific basis to dismiss Count III. To the extent the Defendant is arguing that Count III is a shotgun pleading (*see* ECF No. 15 at 7-8), the Court disagrees. "A shotgun pleading is one that fails to put the Plaintiff on notice of what the claim is and what factual allegations support those claims." *Sader*, 2018 WL 728159 at *6 n.2 (citations omitted). Count III is not a shotgun pleading. The Plaintiffs' claim for unjust enrichment makes clear that Padron helped Agudelo purchase an investment property and then used his position to transfer title of the property, sell the property, and retain the proceeds without the Plaintiffs' knowledge or authority. (ECF No. 1 at ¶¶ 47-51.) Therefore, the Defendant's motion as to Count III is denied.

### D. Count IV – Fraud

The Defendant argues that Count IV for fraud should be dismissed because it fails to meet the heightened pleading requirement of Rule 9(b). To satisfy Rule 9(b)'s "particularity" standard the Eleventh Circuit requires that "a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statements; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain by the alleged fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.,* 287 F. App'x 81, 86 (11th Cir. 2008).

The Plaintiffs allege that Padron "made misrepresentations regarding his services and intentions with the Plaintiffs' acquisition of the Investment property by representing that he would act as Plaintiffs agent in the Plaintiffs' best interest all the while knowing that he intended to take the Investment Property as his own." (ECF No. 1 at ¶ 56.) Padron also "conceal[ed] and omit[ed] that Padron removed YPM BVI as a manager of YPM FL and added himself as the sole manager of YPM FL" and Padron "further failed to disclose that he transferred ownership of the Investment Property from YPM FL to himself individually on December 8, 2017, and then subsequently transferred the Investment Property from himself to Valizas." (*Id.* at 58.)

The Court finds that the allegations related to Padron's "misrepresentations regarding his services" fail to state a claim for fraud. "Nowhere in the cited paragraph or elsewhere in the [] complaint does [Plaintiff] identify the precise statements or misrepresentations Padron made." *See Sader*, 2018 WL 7287159 at *8. The Plaintiffs' general allegations that Padron did not act in Agudelo's best interest lack the specificity required under Rule 9(b).

The remaining facts attempt to allege a claim for fraudulent *concealment.* To state a claim for fraudulent concealment, the complaint must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013) (Altonaga, J.). Although the Plaintiffs have alleged some of these elements, the complaint does not identify the time and place of the omissions or how those omissions misled the Plaintiffs.

Therefore, the Court dismisses Count IV for fraud without prejudice. If the Plaintiffs choose to amend their complaint, they should clarify if they are alleging separate counts for fraudulent misrepresentation *and* fraudulent concealment and include the required specificity under Rule 9(b) for each count.

### E. Motion to Strike Request for Attorneys' Fees

Defendants also move to strike the Plaintiffs' request for attorneys' fees in each count. "Prevailing parties in litigation may only receive attorneys fees when authorized by statute or a term in a contract." *Kallas v. Carnival Corp.*, 2008 WL 111064 (S.D. Fla. Jan. 8, 2018) (Moreno, J.). Here, the Plaintiffs' complaint does

not cite a statutory or contractual basis for attorneys' fees. The Plaintiffs' response to the Defendants' motion does not even address this argument. Therefore, the claim for attorneys' fees in the complaint is stricken.

### 4. Defendant Valizas's Motion to Dismiss

Defendant Valizas also filed a motion to dismiss. Valizas moves to dismiss Count II of Plaintiffs' Complaint for failure to state a claim and moves to dismiss the complaint for failure to join an indispensable party. (ECF No. 17.)  After careful consideration, the Court denies Valizas's motion.

#### A. Count II - Aiding and Abetting Breach of Fiduciary Duty

In order to state a claim for aiding and abetting breach of fiduciary duty, the Plaintiff must allege "1) a fiduciary duty on the part of the wrongdoer; 2) a breach of fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." *Pearlman v. Alexis*, No. 09-20865, 2009 WL 3161830, at *5 (S.D. Fla. Sept. 25, 2019) (Hurley, J.). Valizas argues that Count II does not set forth factual allegations that Valizas had knowledge of the breach of fiduciary duty or provided substantial assistance or encouragement. (ECF No. 17 at 3.)

The Plaintiffs' complaint alleges that Valizas is indirectly owned or controlled by Padron, the wrongdoer, and was aware of Padron's misconduct. (ECF No. 1 at ¶¶ 25, 41.) Furthermore, Valizas substantially assisted the wrongdoing by purchasing the property from Padron for a purchase price below market value. Valizas also allows Padron to reside at the investment property. (*Id.* at ¶ 25.) These allegations, taken as true, establish Valizas's knowledge and assistance of the wrongdoing. Therefore, the Defendant's motion to dismiss Count II is denied.

#### B. Failure to Join an Indispensable Party

The Defendant also moves to dismiss the complaint for failure to join an indispensable party under Rule 19. (ECF No. 17 at 4.) The Defendant argues that Yellow Project Management, LLC (YPM FL), the Florida company that was incorporated to purchase the investment property in 2012, is an indispensable party to this action. (*Id.*) The Plaintiffs argue that YPM FL is not a necessary party. (ECF No. 23 at 4.)

The Eleventh Circuit applies a two-part test for determining whether a party is indispensable under Rule 19. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot . . . then the court

must inquire whether, applying the facts enumerated in 19(b), the litigation may continue." *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). "The moving party bears the burden of proof in establishing that the non-party is needed for a just adjudication." *State Farm Mutual Automobile Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1331 (S.D. Fla. 2017) (Moore, J.).

> Under Rule 19(a), a party shall be joined if:
>> (1) in his absence, complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the act in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed. R. Civ. P. 19(a). Here, Plaintiffs seek money damages for Padron's improper transfer of the investment property from YPM FL to himself and then to Valizas. The property was allegedly "stolen" from YPM FL, as the owner. However, YPM FL, at the time of purchase and now, is managed by Padron. Therefore, YPM FL's alleged interest in the property is the same as Padron's. The only parties with an interest in damages for the lost property are Agudelo, as he transferred the money to purchase the property and YPM FL was created for his benefit, and YPM BVI, the original manager of YPM FL. Thus, Plaintiffs can be granted complete relief without YPM FL. *Cf. Challenge Homes*, 669 F.2d at 669 (holding that plaintiff could be granted complete relief without naming the president and chairman of the plaintiff company).

The second part of the analysis requires the Court to determine whether the absence of YPM FL "jeopardizes [its] interests or subjects any party to multiple or inconsistent obligations." *Id.* The Defendant's motion fails to explain how failure to join YPM FL impairs its interests or would subject the parties to inconsistent verdicts. As discussed above, only Plaintiffs have an interest in this property. The property is currently owned by Defendant Valizas. If Valizas is found liable and seeks indemnification from YPM FL or Padron, YPM FL can be sued as a third-party defendant under Rule 14. *See id* at 671 (holding that non-party was not indispensable because defendant could implead non-party as third-party defendant for indemnity under Rule 14).

Therefore, the Defendant has not met its burden of "establishing that the non-party is needed for just adjudication." *State Farm,* 279 F. Supp. 3d at 1331. The Defendant's motion to dismiss for failure to join YPM FL is denied.

### 5. Conclusion

For the reasons set out above, Defendant Padron's motion to dismiss (**ECF No. 15**) is **granted in part** and **denied in part** as follows:

(1) Count IV of Plaintiffs' complaint is **dismissed without prejudice**;
(2) The Court **strikes** Plaintiffs' demand for attorneys' fees;
(3) The motion is otherwise **denied**.
(4) Plaintiffs have until **April 5, 2019** to file an amended complaint.

Defendant Valizas's motion to dismiss Count II of the complaint (**ECF No. 17**) is **denied.**

**Done and ordered** at Miami, Florida, on March 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge