United States District Court
for the
Southern District of Florida

| John Agudelo and Yellow Project | ) |
| Management, Inc., Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-22612-Civ-Scola |
| Jose M. Padron, Defendant. | ) |
| | ) |

### Order on Defendant's Motion to Dismiss

Plaintiffs John Agudelo and Yellow Project Management, Inc. bring this suit for breach of fiduciary duty, unjust enrichment, and fraud against Defendant Jose M. Padron in relation to a series of real estate transactions. This matter is before the Court on Defendant Padron's Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No. 41). For the reasons discussed below, the Court **denies** Defendant Padron's motion. (**ECF No. 41.**)

**I.    Background**

Plaintiff Agudelo, a Venezuelan citizen, met Defendant Padron in late 2011 in Caracas, Venezuela, and learned that Padron was a real estate broker who could assist Agudelo in acquiring property in South Florida. (Am. Compl. at ¶ 46, ECF No. 37.) After this initial meeting, Padron offered to assist Agudelo in acquiring investment property in South Florida, and Agudelo accepted his offer. (*Id.* at ¶ 11.)

During the acquisition process, Padron recommended that Agudelo incorporate a Florida entity that would purchase the investment property. (*Id.* at ¶ 13.) Agudelo agreed and authorized Padron to incorporate Yellow Project Management, LLC[1] ("YPM FL") in July 2012. *Id.* Agudelo's company, Plaintiff Yellow Project Management, Inc. ("YPM BVI"), a British Virgin Islands corporation, was the sole manager of YPM FL at the time of its incorporation. (*Id.* at ¶ 20.)

Padron assisted Agudelo in identifying and acquiring an investment property. Padron, acting as Agudelo's agent, informed Agudelo that he needed to transfer $1,620,000 to the Law Offices of Miller & Ponn, P.A. for the closing and an additional $38,000 for the maintenance and condominium fees of the property for the first year. (*Id.* at ¶¶ 15-19.) On October 23, 2012, YPM FL

---

[1] YPM FL is not a party to this lawsuit.

purchased Agudelo's investment property located in the Jade Beach Condominium, 17001 Collins Avenue, Sunny Isles Beach, FL 33160, Unit 4101, for $1,660,000. (*Id.* at ¶18.)

In 2015, without Agudelo's knowledge, Padron removed YPM BVI as manager of YPM FL and added himself, in his individual capacity, as the sole manager of YPM FL. (*Id.* at ¶ 20.)

On December 8, 2017, without Agudelo's authorization, Padron transferred the property from YPM FL to himself via quit claim deed. (*Id.* at ¶ 22.) On December 29, 2017, Padron transferred the property to Valizas Corporation for the purchase price of $1,585,000. *Id.* Agudelo never received compensation or other consideration for the sale of the property. (*Id.* at ¶ 23.)

Agudelo brought suit against Padron for breach of fiduciary duty, unjust enrichment, fraudulent misrepresentation and fraudulent concealment. The Defendant now moves to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF No. 41.)

## II. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008.) A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6).

In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under Federal Rule of Civil Procedure 12(f), a district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Parties employ motions to strike to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Ottesen v. St. Johns River Water Mgmt. Dist.*, No. 6:14-CV-1320-ORL-31, 2015 WL 2095473, at *1 (M.D. Fla. May 5, 2015) (internal quotation marks and citations omitted). Nevertheless, striking a pleading or a portion thereof is "a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law." *Id.* (internal quotation marks and citations omitted).

## III. Analysis

Padron asks the Court to dismiss Count III for fraudulent misrepresentation and Count IV for fraudulent concealment. As set out below, the Court denies the Defendant's motion.

### A. Count III – Fraudulent Misrepresentation

The Defendant argues that Count III for fraudulent misrepresentation should be dismissed because it fails to meet the heightened pleading requirement of Rule 9(b). (EFC No. 41 at ¶ 8.) To satisfy Rule 9(b)'s "particularity" standard the Eleventh Circuit requires that a complaint identify:

> (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statements; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain by the alleged fraud.

*W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). The Defendant argues that Agudelo "has not pled any particulars, no precise statements." (ECF No. 41 at 7.) This Court disagrees.

The complaint alleges that in 2011 when Agudelo and Padron met in Caracas, Venezuela, at a mutual friend's home, Padron offered to help Agudelo with acquiring real property in South Florida, and Agudelo agreed. (ECF No. 37 at ¶ 46.) The Plaintiff also alleges that "Padron advised Agudelo that a new Florida entity should be formed to purchase the property, and that Padron should be the manager of the new entity," because his American citizenship would "facilitate Padron in maintaining the investment property." (*Id.* at ¶ 47.) Padron would help manage and maintain the property for Agudelo. (*Id.* at ¶ 48.) These statements misled Agudelo to believe that Padron would purchase and manage the property for him. Instead, Padron used his position as the manager

of the entity to transfer ownership of the property without Agudelo's knowledge. Therefore, the Court finds that the allegations related to Padron's misrepresentations regarding his services and intentions sufficiently state a claim for fraud. *See Stone Invest Dakota LLC v. Bastos*, No. 15-61406, 2016 WL 200268, at *3 (S.D. Fla. Jan. 13, 2016) (Dimitrouleas, J.) (denying motion to dismiss fraud counts where plaintiff's allegations about defendant's misrepresentations regarding a real estate investment were sufficient). The Defendant's motion to dismiss Count III is denied.

### B. Count IV – Fraudulent Concealment

The Defendant argues that Count IV for fraudulent concealment should also be dismissed because it fails to meet the specificity required under Rule 9(b). (ECF No. 41 at ¶ 8.) As discussed above, Rule 9 requires the complaint to allege:

> (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statements; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain by the alleged fraud.

*W. Coast Roofing,* 287 F. App'x at 86. Here, the Plaintiff specifically alleges that on "March 27, 2015, Padron filed an amendment to the Articles of Organization of YPM FL with the Florida Secretary of State [without Plaintiff's knowledge]," and from 2015 until 2017, "Padron defrauded the Plaintiffs by intentionally concealing and omitting that Padron had removed YPM BVI as a manager of YPM FL and added himself as the sole manager of YPM FL." (EFC No. 37 at ¶ 56.) Around April 4, 2016, without the Plaintiff's authorization or knowledge, "Padron mortgaged the Investment Property in connection with a $2,050,000.00 loan from Jesus Armando Hernandez to JM MotorSports, LLC and YPM FL," and concealed this fact from April 2016 until December 2018. (*Id.* at ¶¶ 57, 58.) The complaint further alleges that Padron, by concealing all of these actions from Agudelo, was able to transfer title of the Investment Property to himself, sell the Investment Property, and keep the profits from the sale for himself. (*Id.* at ¶ 60.) The Court finds these allegations sufficient under Rule 9(b).

The Defendant also argues that the Plaintiff cannot sustain a claim for fraudulent concealment because the conduct described in the complaint was available in the public records, and therefore, not "concealed." (ECF No. 41 at 6.) This argument is not relevant to the issue of whether the complaint sufficiently alleges facts regarding fraudulent concealment. Had Agudelo regularly checked the public records regarding his investment property, he may have discovered

the fraud sooner, but this does not change the steps taken by Padron to conceal the change in management and ultimate sale of the property. Therefore, this Court denies the Defendant's motion to dismiss Count IV.

### C. Defendant Padron's Motion to Strike Exhibit A

Padron asks the Court to Strike Exhibit A of the Amended Complaint. (EFC 41 at ¶ 9.) The Defendant fails, however, to cite to any authority in support of striking Exhibit A. It is important to note that "'a motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike is often denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.) (internal quotations and citations omitted).

Exhibit A of the Amended Complaint is a Closing Authorization signed by the Plaintiff in connection with the purchase of the Investment Property. This document was executed in connection with a transaction that is at issue in this case, and it does not confuse the issues or otherwise prejudice the parties. This document is not "redundant, or immaterial, impertinent, or scandalous." *See* Rule 12(f). Therefore, the Motion to Strike is denied.

## IV. Conclusion

Based on the foregoing, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 41**.) The Defendant's Answer to the Amended Complaint is due 14 days from the date of this order.

**Done and ordered** at Miami, Florida, on June 10, 2019.

Robert N. Scola, Jr.
United States District Judge